**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0665, <u>E.D. v. J.N.</u>, the court on May 4, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. See <u>Sup. Ct. R.</u> 20(2). The defendant, J.N., appeals an order of the Circuit Court (<u>Keating</u>, J.), following a hearing, granting a request by the plaintiff, E.D., to extend a final domestic violence protective order for one year. See RSA 173-B:5, VI (2022). The defendant argues that the evidence was insufficient to support the court's order. We affirm.

"In an appeal from an order on a domestic violence petition, the trial court's 'findings of facts shall be final,' and we undertake <u>de novo</u> review of 'questions of law.'" <u>S.C. v. G.C.</u>, 175 N.H. 158, 162 (2022) (quoting RSA 173-B:3, VI). "We review sufficiency of the evidence claims as a matter of law, upholding the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law." <u>Id</u>. "When performing this review, we accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony." <u>Id</u>. at 162-63. We view the evidence in the light most favorable to the prevailing party — here, the plaintiff. See <u>id</u>. at 163.

RSA chapter 173-B provides that, upon a showing of "good cause," a protective order may be extended for one year after the expiration of the first order, and thereafter for up to five years, at the request of the plaintiff and the discretion of the court. RSA 173-B:5, VI. To determine whether "good cause" exists, the trial court must "assess whether the current conditions are such that there is still a concern for the safety and well-being of the plaintiff." <u>MacPherson v. Weiner</u>, 158 N.H. 6, 10 (2008) (defining "good cause" in the context of stalking order extension). In its assessment, the trial court must review the circumstances giving rise to the original protective order and any violation of the order. See <u>id</u>. "The trial court should also take into account any present and reasonable fear by the plaintiff." <u>Id</u>. "Where the trial court determines that the circumstances are such that, without a protective order, the plaintiff's safety and well-being would be in jeopardy, 'good cause' warrants an extension." <u>Id</u>.

Here, the trial court found that

[b]ased on the offers of proof presented by the [p]arties, the court finds credible evidence that the Plaintiff fears potential reprisal from the Defendant as a result of the ongoing court proceedings related to

the [p]arties' divorce. The evidence suggests that the Defendant was "extraordinarily frustrated and upset" by court proceedings that did not go the way he anticipated they would turn out, and that led him to rash behavior that resulted in the issuance of the existing Domestic Violence Final Orders. The Plaintiff expressed concern that the Defendant could become extraordinarily frustrated and upset as a result of the unresolved components of the divorce proceedings, which are still underway and scheduled for a Final Hearing in January of 2023.

Accordingly, the trial court concluded that the plaintiff had carried the burden to demonstrate good cause, and extended the protective order for one year.

On appeal, the defendant challenges the sufficiency of the evidence to support these findings. The defendant argues that the trial court "failed to assess the current conditions in this case," observing that it is undisputed that the defendant has complied with the protective order, and describing certain events or circumstances involving the plaintiff where the defendant might have, but did not, react negatively. The defendant also argues that the trial court failed to properly weigh the evidence, including the events leading to the original protective order, and contends that the plaintiff's fear is speculative and unreasonable. We disagree.

Although the defendant emphasizes different facts and conflicting evidence, "[t]he trial court is in the best position to view the current circumstances, as well as the defendant's prior acts, and determine whether an extension is necessary for the safety and well-being of the plaintiff." MacPherson, 158 N.H. at 11. To answer that question in the affirmative does not require that the defendant actually harm or threaten the plaintiff in violation of the protective order; indeed, we have expressly held that "the defendant's compliance with the order . . . does not bar an extension," and is but one factor for the trial court to consider. Id. at 10-11. Accordingly, based upon our review of the record, and viewing the evidence in the light most favorable to the plaintiff, we conclude that the trial court's finding that good cause existed to extend the protective order for one year is neither lacking in evidentiary support nor tainted by error of law. See S.C., 175 N.H. at 162-63; MacPherson, 158 N.H. at 10-11.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**